UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 4:15-CV-072 |
| vs. | ) | |
| | ) | |
| STASON LEE WIETE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Jason Tye Myers, a *pro se* prisoner, has filed a complaint alleging violations of his

civil rights during his arrest by Officer Stason Wiete of the West Lafayette Police

Department on February 17, 2004 and his subsequent prosecution for various drug-

related offenses.  (DE 1)  This is the newest of several cases and appeals by Myers

related to these events.  For reasons I explain below, I must dismiss it with prejudice.

In 2008, Myers filed a federal case stemming from his 2004 arrest and subsequent

prosecution ("*Myers I*").  *See* Compl., *Myers v. Wiete*, No. 3:08-CV-186 (N.D. Ind. Apr.

15, 2008) .  It included federal and state law claims against Wiete and the West Lafayette

Police Department.  *Id.* at ¶¶ 8–35, 53–61.  I reviewed *Myers I* pursuant to 28 U.S.C. §

1915A and was compelled to dismiss it because the federal claims lacked merit and

several were barred by the statute of limitations.  *See Myers v. Wiete*, No. 3:08-CV-186,

2008 WL 1914254 at *3–*8 (N.D. Ind. Apr. 28, 2008 ) (concluding "none of the police

officers' actions violated Myers' Constitutional rights" and, as a result, Myers had no

claim against the West Lafayette Police Department "based on a lack of training, supervision, or discipline").

Several years later, Myers apparently sued Wiete and West Lafayette Police Department in Indiana state court for malicious prosecution, again related to his February 2004 arrest ("*Myers II*").  *See Myers v. Wiete*, No. 79A04-1206-CT-323, 2013 WL 451330 at *1 (Ind. Ct. App. Feb. 6, 2013).  The Indiana superior court dismissed the complaint as untimely, and the Indiana Court of Appeals affirmed the dismissal.  *Id.* at *1–*2.  Myers sought a transfer of jurisdiction to the Indiana Supreme Court, but his request was denied.  *See Myers v. Wiete*, 993 N.E.2d 625, 625 (Ind. 2013).   He also filed an unsuccessful petition for certiorari before the U.S. Supreme Court.  *See Myers v. Wiete*, 134 S. Ct. 1287 (2014).

Myers now challenges the state court's adjudication of *Myers II* and alleges his due process rights were violated by the Indiana judges who decided the *Myers II* appeal and the Indiana justices who denied his motion to transfer jurisdiction.  (DE 1 at ¶¶ 9–18.)  He also sues Wiete and the West Lafayette Police Department a third time for conduct related to his February 2004 arrest and subsequent prosecution.  (*Id.* at ¶¶ 1–7.)

Under 28 U.S.C. § 1915A, I must review prisoner complaints against governmental entities or their officers or employees and dismiss any that is "(1) frivolous or malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  If the complaint is filed *pro se*, then it "is to be liberally construed, and . . . however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551U.S. 89, 94 (2007) (quotation marks and citations omitted).

This Complaint has several shortcomings that compel dismissal under 28 U.S.C. § 1915A. First, I have no jurisdiction to review Indiana state court decisions in civil cases like *Myers II*. *See Gilbert v. Ill. Bd. Of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) ("The *Rooker-Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment . . . even though the state court judgment might be erroneous or even unconstitutional.") (quotation and citation omitted). Therefore, Myers' allegations about the handling of *Myers II* by the Indiana Court of Appeals and the Indiana Supreme Court state no claim upon which relief can be granted and must be dismissed.

Second, Myers' claims that the Indiana judges and justices involved in *Myers II* violated his right to due process must be dismissed under 28 U.S.C. § 1915A because these defendants are immune for actions taken in connection with *Myers II*. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

Third, Myers' claims against Wiete and the West Lafayette Police Department must be dismissed for the same reasons I dismissed nearly identical claims in *Myers I* and because they are barred by *res judicata*. *See generally Myers v. Wiete*, No. 3:08-CV-

186, 2008 WL 1914254 at *2–*5 (N.D. Ind. Apr. 28, 2008). The doctrine of *res judicata* prevents a party from raising a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction" for a second time against the same party. *Ross v. Bd. of Educ. of Twp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008). Three requirements must be met for res judicata to apply: (1) an identity of the parties; (2) an identity of the claims; and (3) a final judgment on the merits. *Id.* at 283.

All three requirements are met here. There is an identity of the parties because Myers brought claims against Wiete and the West Lafayette Police Department in *Myers I*, *Myers II*, and this case. There is an identity of claims because Myers' current claims against these defendants arise out of the same transaction (his 2004 arrest and subsequent prosecution) and share a "common core of operative fact" with the claims raised in *Myers I* and *Myers II*. *See id.*; *see also Highway J. Citizens Group v. U.S. Dep't of Trans.*, 456 F.3d 734, 744 (7th Cir. 2006) (finding res judicata barred claims that "stem[med] from the same factual transaction as the legal claims addressed in that prior litigation and because the plaintiffs had a fair opportunity to raise their claims previously"). Indeed, most if not all of *Myers* claims against Wiete and the West Lafayette Police Department were already alleged in *Myers I*. *Compare, e.g.*, DE 1 at ¶¶1, 5, *with* Cause No. 3:08-cv-186, DE 1 at ¶¶ 33–35; *compare also* DE 1 at ¶¶ 54– 55, 57, *with* Cause No. 3:08-cv-186, DE 1 at ¶ 6. Last, there have been final judgments on the merits of both Myers' federal and state claims related to his 2004 arrest and subsequent prosecution. *See Myers v. Wiete*, No. 3:08-CV-186, 2008 WL 1914254 (N.D. Ind. Apr. 28,

2008 ); *Myers v. Wiete*, No. 79A04-1206-CT-323, 2013 WL 451330 (Ind. Ct. App. Feb. 6, 2013), *aff'g Myers v. Wiete*, Case No. 79-c-01-1201-CT-3 (Ind. Sup. Ct. Jan. 18, 2012). For these reasons, Myers claims against Wiete and the West Lafayette Police Department must be dismissed under 28 U.S.C. § 1915A.

Although it is usually necessary to give a plaintiff the chance to file an amended complaint when a case is dismissed *sua sponte*, I have "broad discretion to deny leave to amend where . . . amendment would be futile." *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (citation omitted); *accord Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–24 (7th Cir. 2013). Such is the case here because the numerous bars to suit here, including the *Rooker-Feldman* principle, judicial immunity, and res judicata, cannot be overcome by amendment.

For these reasons, I **DISMISS** Myers' complaint with prejudice, and this case is **TERMINATED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: October 22, 2015.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT