UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JASON TYE MYERS, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 4:15-cv-72 |
| STASON LEE WIETE, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jason Tye Myers, a *pro se* prisoner, moves for reconsideration of my order dismissing his complaint pursuant to 28 U.S.C. § 1915A. (DE 4.) As was fully outlined my previous order, this case is the most recent of several unsuccessful cases and appeals filed by Myers related to his February 2004 arrest and prosecution. (*Id.*) Myers asks me to reconsider that order on grounds that there has been a "manifest error of fact or law." For the reasons below, Myers' motion is denied.

Myers first argues that the *Rooker-Feldman* doctrine does not bar his section 1983 claims against the Indiana judges who adjudicated his appeal in *Myers v. Wiete*, No. 79A04-1206-CT-323, 2013 WL 451330 (Ind. Ct. App. Feb. 6, 2013), and the Indiana justices who denied his motion to transfer jurisdiction to the Indiana Supreme Court, *Myers v. Wiete*, 993 N.E.2d 625 (Ind. 2013). (DE 6 at ¶¶4–6.) In essence, he argues that I have jurisdiction because his due process rights were infringed when Indiana state court judges and justices deemed his appeal to be untimely and incomplete under Indiana law and denied transfer of jurisdiction over his case to the Indiana Supreme

Court. That simply is not the law. "The basis of the *Rooker-Feldman* doctrine is that only the U.S. Supreme Court has been authorized by Congress to review decisions by state courts." *Van Harken v. City of Chicago*, 103 F.3d 1346, 1349 (7th Cir. 1997) (citations omitted). I have no jurisdiction to review the decisions of the Indiana state courts in Myers prior cases, even if they were unconstitutional. *See Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) ("[N]o matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it.") (citation omitted); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions . . . even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court.") (citing 28 U.S.C. § 1257).

Myers also asserts that the state court judges and justices are not immune because he is seeking injunctive relief, not money damages. However, section 1983 explicitly proscribes injunctive relief "in any action brought against a judicial officer for an actor omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Smith v. City of Hammond*, 388 F.3d 304, 307 (7th Cir. 2004). Myers does not allege that a declaratory decree was violated or explain why declaratory relief was unavailable. As such, even if I had jurisdiction over Myers' claims against the state court judges and justices, they would be immune to the suit.

The only remaining claims, then, are Myers' claims against Officer Wiete and the West Lafayette Police Department. He asserts that these claims are not be barred by *res judicata* because there are "several distinctions in the operative facts" from the previous state and federal lawsuits. (DE 6 at 6.) But the doctrine of *res judicata* does not require that the current complaint be identical to a prior complaint. *See Kalwitz v. Kalwitz*, 934 N.E.2d 741, 750 (Ind. Ct. App. 2010) (explaining that *res judicata* bars cases that are "essentially the same"). One manifestation of *res judicata* is claim preclusion, which bars subsequent claims if: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was on the merits; (3) the prior action was between the same parties or their privies; and (4) the current claims were or could have been determined in the prior action. *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003); *Ross v. Bd. of Educ. of Twp. H. S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) ("[A] right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies[.]").

It is quite clear that Myers' most recent claims against Officer Wiete and the West Lafayette Police Department fit the bill. First, there is no question that the former judgments were rendered by courts of competent jurisdiction. (*See* DE 4 at 1–4 (summarizing prior litigation before this court and in Indiana state court).) Second, those judgments were made on the merits. *See Myers v. Wiete*, No. 3:08-cv-186, 2008 WL 1914254 (N.D. Ind. Apr. 28, 2008); *Myers v. Wiete*, No. 79A04-1206-CT-3323, 2013 WL

3

451330 (Ind. Ct. App. Feb. 6, 2013), *aff'g Myers v. Wiete*, Case No. 79C01-1201-CT-3 (Ind. Sup. Ct. Jan. 18, 2012). Third, the parties in this case are the same as in Myers' previous lawsuits—Myers brought claims against Officer Wiete and the West Lafayette Police Department in all three cases. Last, all current claims against Wiete and the police stem from Myers' 2004 arrest and subsequent prosecution. Indeed, not a single fact bearing on these claims transpired after 2006 (*see generally* DE 1 at 3–4), several years before Myers filed his previous suits in federal court (2008) and Indiana state court (2012). Thus, these claims could have been raised during the previous litigation, to the extent they weren't raised, and they are now barred by *res judicata*.

For these reasons, the Motion to Alter or Amend Order/Judgment (DE 6) is **DENIED**.

**SO ORDERED.**

**ENTERED:** January 20, 2016.

                                                        s/ Philip P. Simon
                                                        CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT